MARIA PURCARO, RESPONDENT, v. GRAND LODGE OF THE STATE OF NEW JERSEY, ORDER SONS OF ITALY IN AMERICA, A CORPORATION, APPELLANT.

Argued February 7, 1930—Decided October 20, 1930.

For the appellant, *Anthony R. Finelli* and *Mancusi Themistocles Ungaro.*

For the respondent, *Feder & Rinzler.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff below is the widow of Domenico Purcaro, deceased. The latter was a member of a subordinate, or local, branch of the defendant corporation, and in December, 1927, he was expelled from the order. He died the following February. The plaintiff's claim is that the expulsion of her husband from the order was illegal; that, consequently, her husband was a member of the order in good standing at the time of his death; that, this being so, she is entitled to be paid the death benefit provided by the laws of the order; and that the defendant has refused to make this payment. The present suit was instituted by her for the recovery of the death benefit. The case was tried, by consent, before the court without a jury, and it found in favor of the plaintiff. The grand lodge has appealed from the judgment entered in accordance with this finding.

It appears from the state of the case that Purcaro was punished by expulsion from the local branch for public abuse of the order, this being the punishment provided by its by-laws for such conduct; that the expulsion was directed after a hearing had by the arbitration committee of the local branch, and a finding by that committee that Purcaro had been guilty of the abuse of the order charged against him; and that the refusal to pay the death benefit to the plaintiff was based upon her husband's expulsion from the order.

Article 28 of the general laws of the grand lodge provides that heirs of a member to whom a committee shall refuse to pay the death benefit, for reasons contemplated by the by-laws of the order, can appeal to the grand council of the state; and that they must first submit their claim that the refusal was without legal justification to the tribunals of the order before proceeding in the civil courts. The principal ground upon which a reversal of the judgment is sought by the appellant is that, by force of this article, the plaintiff, whose rights, if any, arise solely out of her husband's membership in the order, cannot maintain a suit in a court of law to recover the amount she claims to be due her as a death benefit until she has first appealed to the tribunals of the order; and it is admitted that this she has not done.

We consider that appellant's contention is well founded. In *Ocean Castle* v. *Smith,* 58 *N. J. L.* 545, the Supreme Court, after having pointed out that there appears to be no reasonable ground for denying that organizations like that of the present appellant may provide methods for hearing the controversies of their own members, and that the members may bind themselves to have recourse thereto in the first instance and before invoking the civil courts, held that members of such associations may agree to submit their grievances in the first instance to an internal tribunal of their own, and that, having so agreed, they may be held to it, and cannot, against the protest of the association, maintain a civil action against it until the condition precedent has been, in legal contemplation, complied with. That case having been brought into this court on review, we affirmed the doctrine laid down

by the Supreme Court; and the soundness of the principle has never been questioned in our later decisions. 59 *Id.* 198. That this principle applies not only to a member of the organization, but also to the heirs of a member whose rights arise solely out of the contract between such member and the order, cannot, we think, be doubted.

For the reason stated, we conclude that the judgment under review should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ.   11.